CHARLES SARGENT *vs.* GEORGE D. PERRY.

Cumberland.    Opinion August 29, 1906.

*Superior Court.    Review.    Estoppel.*

Findings of fact by a Justice of the Superior Court cannot be reviewed by the
Law Court.

*Held*: that the defendant was not estopped from pleading the statute of
limitations in defense in this action.

On exceptions by plaintiff.    Overruled.

Assumpsit to recover for professional services, disbursements and
certain cash items, brought by the plaintiff against the defendant in
the Superior Court, Cumberland County.    Plea, the general issue
and statute of limitations.

The case was heard before the Justice of the Superior Court, without
the intervention of a jury, with the right of exceptions on questions
of law.    After finding the facts, the Justice ruled that the defendant
was not estopped from pleading the statute of limitations, and found
for the defendant.    Thereupon the plaintiff excepted.

The case fully appears in the opinion.

*Charles Sargent,* pro se.

*C. B. & E. C. Donworth,* for defendant.

SITTING :  EMERY,  STROUT,  SAVAGE,  POWERS,  PEABODY,
SPEAR, JJ.

PEABODY, J.    This case is before us on the plaintiff's exceptions.
It was an action of assumpsit to recover for professional services,
disbursements and certain cash items commenced by the plaintiff
against the defendant, by writ which was issued from the Superior
Court for Cumberland County June 15, 1903, and returnable to the
September term, 1903.

The plea was the general issue with a brief statement of the statute
of limitations.

The case was heard before the judge of the Superior Court without
the intervention of a jury, with right of exception to rulings on

questions of law.   The court found the facts and made rulings as follows :

The plaintiff had performed professional services substantially as charged in his account which were required and accepted by the defendant while acting in the capacity of administrator of his father's estate ; the charges therefor, amounting to $528, were reasonable and proper, and the defendant was liable for each item of the services when performed by a contract implied from the circumstances, but the cause of action did not accrue within six years prior to the date of the writ and the items should be disallowed ; in the account were items of disbursements for taxes, amounting to $82.46, made at the request of the defendant, but the cause of action did not accrue within six years prior to the date of the writ and they should be disallowed ; the items of cash payments charged against the defendant, amounting to $563.83, were voluntarily made and applied by the plaintiff in part payment of a note of $500 which he had given to the defendant on the seventeenth day of October, 1888, and they could not be recovered back in this action ; the item of $60 charged in the account was the subject of conflicting evidence, the plaintiff testifying that it was a loan made to the defendant at his request, while the defendant testified that it was a payment made on a note then in suit in the Supreme Judicial Court for Washington County, and the plaintiff having the burden of proof that it was a loan has not sustained that burden ; that on the sixteenth day of December, 1899, the defendant made a common law assignment of his property for the benefit of creditors to C. B. Donworth, Esq., and the plaintiff wrote to the assignee in April, 1900, in reference to his demands against the defendant and received the following reply :

MACHIAS, ME. Apr. 17, 1900.
Charles Sargent, Esq., Portland, Me.

Brother Sargent :

Thank you for your letter of 13th inst. relative to Perry's matters.   I have not yet had time to submit it to George, but will do so very soon.   Of course, he must do the square thing by you.

Yours truly,

C. B. DONWORTH.

The findings of fact by the judge of the Superior Court cannot be reviewed by this court.   No facts are shown which would affect the statute of limitations as a defense to the items of the plaintiff's account not found due within six years prior to the commencement of the action, unless the defendant is estopped from availing himself of this defense by the act of his assignee.   The plaintiff claims that the letter was equivalent to an assurance that whatever business obligation Perry was under to him should be performed, and that relying on this promise he omitted seasonably to commence his action.   There is no pretence that there was any intention of misleading the plaintiff, and the presiding judge found as matter of fact that he was not misled by the letter, and ruled as matter of law that the defendant was not thereby estopped from pleading the statute of limitations.

The plaintiff's claim rests therefore solely upon the effect of the letter as implying a promise on the part of the assignee to preserve the rights of the plaintiff while the subject matter of the assignment was under his control.   He might perhaps bind his assignor in reference to the claim of the plaintiff by acts done within the scope of the assignment, *Bridges* v. *Stephens,* 132 Mo. 524 ; *Chouteau* v. *Goddin,* 39 Mo. 229 ; *Warren* v. *Walker,* 23 Maine, 453 ; *Webber* v. *Williams College,* 23 Pick. 302 ; *Davies* v. *Edwards,* 7 Exc. 22 ; *Roscoe* v. *Hale,* 7 Gray, 274 ; but such is not the effect of the writing ; the demand of the plaintiff had not even become the subject of negotiation between the plaintiff and the assignee, and the letter was merely an acknowledgment of the notice which the plaintiff had given of the assignor's indebtedness to him, with the writer's personal assurance that in his official business of adjusting the financial affairs of the debtor this creditor should receive fair treatment.

The plaintiff is a lawyer and knew that the assignee was acting in a trust capacity between the estate of the assignor and such of his creditors as became parties to the assignment; and the letter could not reasonably be understood as relieving him from the duty of taking such formal action as would entitle him to participate in the distribution of the debtor's property among his creditors, or at least of seasonable action against the defendant.   There can be discovered

in its terms no element of contract or waiver of any prerequisite for ·the ·enforcement of the plaintiff's · demand, and it was not an act :which, could operate to suspend the statute of limitations, or to estop the defendant from pleading it in defense of the action against him.                                            . *Exceptions overruled.*